# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Decided November 7, 2014

No. 11-1310

MATHEW ENTERPRISE, INC., DOING BUSINESS AS STEVENS
CREEK CHRYSLER JEEP DODGE,
PETITIONER

v.

NATIONAL LABOR RELATIONS BOARD,
RESPONDENT

INTERNATIONAL ASSOCIATION OF MACHINISTS & AEROSPACE
WORKERS, AFL-CIO, LOCAL LODGE 1101,
INTERVENOR

———

Consolidated with 11-1406

———

On Motions to Lift Abeyance and Issue Mandate

———

*Linda Dreeben*, Deputy Associate General Counsel,
National Labor Relations Board, filed the motion to lift
abeyance and to issue the mandate and the reply thereto for
respondent.

*David A. Rosenfeld* and *Caren P. Sencer* filed the motion to issue the mandate and the reply thereto for intervenor International Association of Machinists & Aerospace Workers, AFL-CIO, Local Lodge 1101.

*Daniel T. Berkley* and *Charles O. Zuver, Jr.* filed the response for petitioner.

Before: GARLAND, *Chief Judge*, KAVANAUGH, *Circuit Judge*, and WILLIAMS, *Senior Circuit Judge*.

Opinion for the Court filed by *Circuit Judge* KAVANAUGH.

KAVANAUGH, *Circuit Judge*:   Mathew Enterprise has raised a Recess Appointments Clause challenge to the National Labor Relations Board's order in this case. Based on the Supreme Court's recent decision in *National Labor Relations Board v. Noel Canning*, No. 12-1281, 134 S. Ct. 2550 (2014), we reject Mathew Enterprise's claim.

The National Labor Relations Board is an independent federal agency.   By statute, the Board consists of five members. *See* 29 U.S.C. § 153(a).   The Board members are principal officers of the United States who must be appointed by the President with the advice and consent of the Senate, or appointed by the President alone during "the Recess" of the Senate. *See* U.S. Const., art. II, § 2, cl. 2, 3.

To exercise authority in a given case, a Board panel must include at least three validly appointed members. *See* 29 U.S.C. § 153(b); *New Process Steel, L.P. v. National Labor Relations Board*, 560 U.S. 674, 683 (2010).   A panel of three Board members decided petitioner Mathew Enterprise's case. But Mathew Enterprise argues that one of those three Board

members, Craig Becker, was appointed by the President without either Senate consent or compliance with the Recess Appointments Clause. If Member Becker was indeed unlawfully appointed, then a panel of only two validly appointed members exercised authority in this case, in violation of the law that requires three members for a panel. *See New Process Steel*, 560 U.S. at 683.

President Obama appointed Member Becker by recess appointment on March 27, 2010, during an intra-session Senate recess of 17 days. *See* 156 Cong. Rec. S2,180 (daily ed. Mar. 26, 2010) (opening Senate recess); 156 Cong. Rec. S2,181 (daily ed. Apr. 12, 2010) (closing Senate recess).[1] Mathew Enterprise contends that the 17-day recess was too short to permit a recess appointment. Based on the Supreme Court's recent decision in *Noel Canning*, we disagree with Mathew Enterprise. We conclude that the President's recess appointment of Member Becker was constitutionally valid.

As interpreted by the Supreme Court in *Noel Canning*, the Recess Appointments Clause permits the President to "fill any existing vacancy during any recess – intra-session or inter-session – of sufficient length." *Noel Canning*, slip op. at 40, 134 S. Ct. at 2577; *see also* slip op. at 9, 134 S. Ct. at 2561 (Recess Appointments Clause applies to intra-session recesses of "substantial length"). Under *Noel Canning*, therefore, the fact that Member Becker's recess appointment

---

[1] The length of a Senate recess is "'ordinarily calculated by counting the calendar days running from the day after the recess begins and including the day the recess ends.'" *National Labor Relations Board v. Noel Canning*, No. 12-1281, slip op. at 20, 134 S. Ct. 2550, 2566-67 (2014) (quoting Lawfulness of Recess Appointments During a Recess of the Senate Notwithstanding Periodic Pro Forma Sessions, 36 Op. OLC __ n.1, 2012 WL 168645, at *1 n.1 (2012)).

occurred during an intra-session (rather than inter-session) Senate recess does not affect the validity of the appointment. Likewise, the fact that the vacancy arose before (rather than during) the recess in which the President appointed Member Becker does not affect the validity of the appointment. *See Noel Canning*, slip op. at 21-22, 134 S. Ct. at 2567. The only question is whether the 17-day recess was "of sufficient length."

The Supreme Court's opinion in *Noel Canning* establishes that a recess of 10 or more days suffices under the Recess Appointments Clause. We know that because *Noel Canning* approvingly referred to and heavily relied on the "thousands" of recess appointments in the Nation's history, the vast majority of which occurred during recesses of 10 or more days. *Noel Canning*, slip op. at 20, 134 S. Ct. at 2566. In light of what the Court saw as ambiguity in the constitutional text, the Court "hesitate[d] to upset the compromises and working arrangements . . . reached" by past Presidents and past Senates. *Noel Canning*, slip op. at 9, 134 S. Ct. at 2560. Relying on that history, the Court stated that a 3-day or shorter recess is "too short" and that a 4-to-9-day recess is "presumptively too short." *Noel Canning*, slip op. at 19, 21, 134 S. Ct. at 2566-67. By contrast, as the Court explained, recess appointments during recesses of 10 or more days have been very common historically. Importantly, the Court in *Noel Canning* did not place any new limits or conditions on the President's authority to make recess appointments during a recess of 10 or more days. And it is not our place, particularly as a lower court, to impose new limits that would be inconsistent with the historical precedents relied on by the Supreme Court and that the Supreme Court itself did not see fit to impose in its comprehensive *Noel Canning* opinion.

Consistent with the historical examples that the Supreme Court relied on in *Noel Canning*, moreover, the lawfulness of a recess appointment depends on the ultimate length of the recess in which the appointment occurred, not the number of days from the start of the recess to the appointment. *See, e.g.*, *Noel Canning*, slip op. app. B, 134 S. Ct. 2550 app. B (citing numerous examples of recess appointments, including many where the appointment occurred before the 10th day of a recess that lasted 10 or more days). Therefore, the fact that the Becker appointment occurred on the first day of what turned out to be a 17-day recess does not affect the validity of the appointment. What matters under *Noel Canning* and the historical precedents is that the appointment occurred during a recess that lasted 10 or more days – here, a 17-day recess.[2]

Put simply, *Noel Canning* means that the President is permitted to make recess appointments during recesses of 10 or more days. Therefore, the President's recess appointment of Member Becker, which occurred during a 17-day Senate recess, was constitutionally valid. *Accord Gestamp South Carolina, L.L.C. v. National Labor Relations Board*, Nos. 11-2362, 12-1041, 2014 WL 5013049, at *2 (4th Cir. Oct. 8, 2014).

---

[2] The Court in *Noel Canning* did not attach any significance to whether the recess appointment occurred during a Senate adjournment *sine die*, as opposed to a Senate adjournment to a fixed date. Rather, the Court stated that the question is whether the recess was "of sufficient length." *Noel Canning*, slip op. at 40, 134 S. Ct. at 2577. In any event, consistent with its usual practice for intra-session recesses, in the intra-session recess at issue in this case the Senate adopted a resolution on March 26, 2010, which stated that it was adjourning until April 12, 2010. 156 Cong. Rec. S2,180 (daily ed. Mar. 26, 2010); *see Noel Canning*, slip op. at 9, 134 S. Ct. at 2561.

In a previous judgment, we rejected Mathew Enterprise's other challenges to the Board's order in this case, but we withheld issuance of the mandate pending resolution of the Recess Appointments Clause issue. We now lift the order withholding issuance of the mandate, and we order issuance of the mandate.

*So ordered.*